# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5009-17T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

D.R.,

      Defendant-Appellant,

and

T.J.L.,

      Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF N.L.L.,

      a Minor.

_____

Submitted February 5, 2019 – Decided March 6, 2019

Before Judges Rothstadt, Gilson, and Natali.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0041-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven E. Miklosey, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Lisa D. Cerasia, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Meredith A. Pollock, Deputy Public Defender, of counsel; Linda Vele Alexander, Designated Counsel, on the brief).

PER CURIAM

D.R. (David) appeals from a June 20, 2018 judgment terminating his parental rights to his daughter, N.L.L. (Nicole), and granting guardianship to the Division of Child Protection and Permanency (Division) with the plan that the child be adopted.[1] David argues that the trial court erred in concluding that the Division had proven prongs three and four of the best-interests standard. N.J.S.A. 30:4C-15.1(a). The child's Law Guardian and the Division urge that we affirm the judgment and allow the adoption to proceed. Having reviewed

---

[1] We use initials and fictitious names to protect the privacy interests of the parties and the confidentiality of the record. See R. 1:38-3(d)(12).

the record in light of the applicable law, we affirm substantially for the reasons explained by Judge Nora J. Grimbergen in her comprehensive written opinion issued on June 20, 2018.

The facts and evidence are detailed in Judge Grimbergen's opinion, which was rendered after a trial. Accordingly, we need only summarize some of the relevant facts. Nicole was born in March 2011, and she is the child of David and T.J.L. (Theresa). Theresa has a long history of substance abuse. The court also terminated Theresa's parental rights to Nicole in the June 20, 2018 judgment. Theresa, however, has not appealed from that judgment.

David also has a history of substance abuse. In addition, he has an extensive criminal record, and he has been incarcerated for a number of years during Nicole's life. For example, shortly after Nicole's birth, David pled guilty to burglary and he spent a year in jail. Accordingly, for the first three years of her life, Nicole was either in the physical custody of Theresa or other relatives.

In July 2014, Theresa gave birth to another child, who was not the child of David. At birth, the child tested positive for opioids. Theresa admitted that she used heroin while pregnant with that child. Consequently, the Division was given custody of the newborn and the child was placed in resource care. At the

same time, David was given legal and physical custody of Nicole, while the Division maintained care and supervision.

Thereafter, Nicole lived with David for just over a year. In September 2014, David, under an alias, pled guilty to possession and distribution of a controlled dangerous substance. He was sentenced to two years of probation. David failed a drug test in February 2015, and in June 2015, he stopped reporting to his probation officer. As a consequence, in November 2015, David was arrested and incarcerated for one year for violating his probation.

David, however, had not made appropriate plans for the care and custody of Nicole. When he was arrested in November 2015, Nicole was left with David's then-girlfriend. The girlfriend did not have a stable home or source of income to care for Nicole. Accordingly, the Division was given custody of Nicole in December 2015. Since that time, Nicole has remained in the custody of the Division, living with various resource families.

David was released from incarceration in November 2016. Following his release, the Division provided him with a number of services, including substance abuse treatment. David, however, repeatedly failed drug tests and he was discharged from a number of treatment programs primarily for lack of attendance. In December 2017, David entered into a plea agreement on two

A-5009-17T2

counts of manufacturing, distributing, or dispensing controlled dangerous substances, and the State recommended that he be sentenced to three years in prison. David failed to appear for his sentencing, and a warrant was issued for his arrest.

In the meantime, Nicole was placed with a maternal relative who is prepared to adopt her. A psychologist and bonding expert opined at trial that Nicole has bonded with her current resource caregiver and that the caregiver has become the psychological parent to Nicole. The expert also opined that removing Nicole from her current caregiver would cause serious and enduring emotional harm to Nicole.

A guardianship trial was conducted in June 2018. The Division presented testimony from two workers and an expert in psychology, parental fitness, and child bonding. The Division also submitted numerous documents into evidence. David did not appear at trial nor did his counsel call any witnesses.

Based on the testimony and evidence, Judge Grimbergen made detailed findings. She credited the testimony of the Division workers and the Division's expert. Judge Grimbergen then addressed the four prongs of the best-interests standard. N.J.S.A. 30:4C-15.1(a). Applying her factual findings to the law, Judge Grimbergen found that the Division had proven each of the four prongs

by clear and convincing evidence. Consequently, the judge terminated David's parental rights and granted the Division guardianship of Nicole.

On appeal, David argues that the trial judge erred in concluding that the Division had proven the third and fourth prongs of the best-interests standard. Specifically, David contends that the Division did not make reasonable efforts to provide him services, the Division did not consider viable alternatives to the termination of his parental rights, and the Division did not demonstrate that termination of David's parental rights will not do more harm than good.

On appeal from an order terminating parental rights, our review is limited. N.J. Div. of Child Prot. & Permanency v. P.O., 456 N.J. Super. 399, 407 (App. Div. 2018). We defer to Judge Grimbergen's "expertise as a Family Part judge," and are "bound by [her] factual findings so long as they are supported by sufficient credible evidence." Ibid. (first citing Cesare v. Cesare, 154 N.J. 394, 412 (1998); then citing N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)). Judge Grimbergen made detailed factual findings that rebut David's arguments. Accordingly, David's arguments are without sufficient merit to warrant a detailed discussion in a written opinion. R. 2:11-3(e)(1)(E).

In addressing the third prong of the best-interests standard, Judge Grimbergen found that David was referred to multiple substance abuse

evaluations and treatment programs.  David, however, failed to complete the substance abuse treatments and he repeatedly failed drug tests over a number of years.  The judge also specifically considered, but rejected, David's argument that the Division failed to recognize his need to sell drugs for income and provide him with an alternative to his unlawful activities.  Instead, the judge expressly found that Nicole had remained in the care of the Division because of David's conscious choices to engage in illegal activities.  Those factual findings are amply supported by the evidence in the record.

Judge Grimbergen also found that the Division explored alternatives to the termination of David's parental rights by considering a number of relative placements.  In particular, the Division had explored, but ruled out, placing Nicole with David's girlfriend or mother.  Again, those findings are supported by substantial credible evidence in the record.

Turning to the fourth prong, Judge Grimbergen found that the termination of David's parental rights would not do more harm than good to Nicole.  In that regard, the judge relied on the testimony of the Division's expert.  The judge detailed the evaluations the expert had conducted and credited her testimony that Nicole had bonded with her current resource caregiver.  The expert had gone on to opine that Nicole would experience some harm by the termination of David's

parental rights, but that the strength of her relationship with her current caregiver would mitigate that harm. Importantly, Judge Grimbergen accepted the expert's testimony that there was a strong and secure attachment between Nicole and her current caregiver and that Nicole would suffer greater harm by severing her relationship with her current resource caregiver as compared with attempting a reunification with David. Those factual findings are also amply supported by the evidence in the record. Indeed, the Division's expert testimony was unrebutted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5009-17T2